# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STANICH, <br> By and through his Plenary Guardians <br> PAUL STANICH and <br> DEBORAH CANTON a/k/a DEBORAH L. FYE, <br>     Plaintiffs <br> <br> vs. <br> <br> SHIRLEY J. PICKENS and <br> THE POLK CENTER, <br>     Defendants. | C.A.No. 18-cv-120ERIE <br> <br> Re: Motion to Dismiss <br> ECF No. 10 |

## MEMORANDUM OPINION

District Judge Susan Paradise Baxter

### I.    Relevant Procedural History

The factual allegations of the complaint pertain to the care and treatment received by Robert Stanich, an incapacitated person, while he was a resident at the Polk Center, an Intermediate Care Facility for people with intellectual disabilities owned and operated by the Commonwealth of Pennsylvania. Paul Stanich and Deborah Canton a/k/a/ Deborah Fye, Robert's guardians, sued on his behalf. The complaint raises three claims: Count I—a § 1983 claim against Shirley Pickens[1], Director of the Polk Center; Count II—a professional negligence claim against Shirley Pickens; and Count III—a professional negligence claim against the Polk Center.

Presently pending before this Court is Defendants' motion to dismiss. ECF No. 10.

---

[1] In their Opposition brief, Plaintiffs make clear that they are pursuing claims against Ms. Pickens in her individual capacity only. See ECF No. 16, page 7.

1

The motion to dismiss will be reviewed under the *Twombly/Iqbal*[2] standard, following a brief synopsis of Plaintiffs' factual allegations.

Plaintiffs claim that Defendants knew Robert Stanich was a fall risk and failed to respond adequately to reports that he had fallen in January and April 2016. Mr. Stanich was only assessed by a doctor seven days after the second fall. After the doctor's exam, Mr. Stanich was transported to UPMC Northwest for further evaluation which revealed fractures at the C6-C7 level. Mr. Stanich was then transferred to another hospital for surgery. Following the surgery, Mr. Stanich underwent rehabilitation and he was readmitted at the Polk Center seventeen days later. Plaintiffs seek monetary damages.

Plaintiffs' § 1983 claim against Director Pickens is predicated on alleged violations of §1396a(a)(31) and §1396d(d) of the Medicaid Act and implementing regulations at 42 C.F.R. § 483.400 et seq. Defendants move to dismiss arguing that these provisions do not create privately enforceable rights. This Court disagrees.

Section 1983 provides a remedy for violation of federal statutes. As the Third Circuit has explained: "... §1983 is a vehicle for imposing liability against anyone who … derives a person of rights, privileges, or immunities secured by the Constitution or laws. However, a plaintiff must assert the violation of a federal right -- not merely a violation of a federal law -- to seek redress." Grammer v. John J. Kane Reg'l Ctrs—Glen Hazel, 570 F.3d 520, 525 (3d Cir. 2009). The criteria for determining whether a statute creates federal rights enforceable through § 1983 was announced by the Supreme Court in Blessing v. Firestone, 520 U.S. 329 (1997) and clarified by the Court in Gonzaga Univ. v. Doe, 536 U.S. 273 (2002). The Third Circuit elaborated on the

---

[2] A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Blessing and Gonzaga decisions in Sabree v. Richman, 367 F.3d 180 (3d Cir. 2004) and Grammer, 570 F.3d 520.

In a factually similar case in which the mother of a decedent in an intermediate care facility sought to enforce the same provisions and regulations through § 1983, Judge Gibson of this Court conducted a full analysis under *Blessing/Gonzaga/Sabree/Grammer* and found "without difficulty" that § § 1396a(a)(31) and 1396d(d), the provisions cited in Mr. Stanich's complaint, create individually enforceable rights.[3] Thrower v. Pennsylvania, 873 F. Supp. 2d 651, 656 (W.D.Pa. 2012). This Court agrees with Judge Gibson's well-reasoned analysis and will deny Defendants' motion to dismiss in this regard.

Next, Defendants argue that Count I fails to set forth a cause of action against Ms. Pickens because Plaintiffs fail to sufficiently allege her personal involvement. Individual defendants who are policy-makers can be liable under § 1983 if it is shown that they established a policy, practice, or custom which caused the constitutional harm. Thrower, 873 F. Supp. 2d at 657. Plaintiffs allege that Director Pickens was responsible for establishing custom and policy which violated Mr. Stanich's rights. See ECF No. 1, ¶ 92(a)-(u) and ¶ 93 (a)-(e). Though conclusory, Plaintiffs' allegations are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. While proving their allegations is far removed from pleading them, Plaintiffs will be allowed to pursue discovery on this claim. The question on a motion to

---

[3] Judge Gibson concluded: "First, the patients/clients are clearly the intended beneficiaries of these provisions which declare their rights and provide detailed descriptions of what facilities must do to ensure those rights. Second, the provisions are not vague or amorphous; to the contrary, they unequivocally define the rights of patients and obligations of facilities. Third, these provisions unambiguously impose binding obligations on these state-run facilities speaking clearly in terms of what the facilities must do. Finally, the Court finds the above-cited provisions unmistakably confer substantive treatment rights on patients in rights-creating terms. Plaintiff has satisfied her burden of establishing that the statutory provisions in question create federally enforceable rights through section 1983." Thrower, 873 F. Supp. 2d at 656.

dismiss is not whether the plaintiffs will prevail in the end; rather, the question "is whether the plaintiff is entitled to offer evidence in support of his or her claims." Swope v. City of Pittsburgh, 90 F. Supp. 3d 400, 405 (W.D. Pa. 2014) citing Oatway v. Am. Int'l Grp., Inc., 325 F.3d 184, 187 (3d Cir. 2003).

Finally, Defendants argue that both negligence claims should be dismissed due to Plaintiffs' failure to file Certificates of Merit in accordance with Pennsylvania Rule of Civil Procedure 1042.3. Rule 1042.3 requires the filing of a Certificate of Merit within sixty days of filing a complaint. Pa.R.Civ.P. 1042.3(a). This requirement has been held to be substantive law that must be applied by federal courts. See Schmigel v. Uchal, 800 F.3d 113, 115 (3d Cir. 2015); Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011).

Rules 1042.6 and 1042.7 allow a defendant to a professional negligence claim to have the claim dismissed if the plaintiff fails to file the Certificate of Merit.[4] Plaintiffs argue that "because Defendants have not served a written notice of their intention to enter a Judgment of Non Pros," Plaintiffs should still have time to file the required Certificates of Merit. Plaintiffs are mistaken. In federal courts applying Pennsylvania law, because there is no procedural mechanism of Judgment of Non Pros, the "failure to submit the certificate is a possible ground for dismissal by

---

[4] In the state courts of Pennsylvania, "this is a two-step procedure. First, the defendant may file a written notice of intention to enter judgment non pros… Pa. R. Civ. P. 1042.6(a). Then, no less than thirty days after filing the notice of intention, the defendant may file a praecipe for entry of judgment non pros. Pa. R. Civ. P. 1042.7(a). In the interim, the plaintiff may file a motion to extend the time to file a certificate of merit or a motion for a determination that a certificate of merit is not necessary. Pa. R. Civ. P. 1042.3(d); Pa. R. Civ. P. 1042.6(c). If no certificate of merit has been filed at the time of the defendant's praecipe, and there is no pending timely motion to extend or a motion for a determination that a certificate of merit is unnecessary, the prothonotary must enter judgment non pros against the plaintiff. Pa. R. Civ. P. 1042.7(a). In the federal system, applying Pennsylvania law, the procedure is necessarily different as there is no procedural mechanism for a defendant to ask the clerk to dismiss a claim." Turner v. Wetzel, 2018 WL 7253304, at *4-5 (M.D. Pa. 2018) report and recommendation adopted by, 2019 WL 480484 (M.D. Pa. 2019).

the district court, when properly presented to the court in a motion to dismiss." Turner v. Wetzel, 2018 WL 7253304, at *4–5 (M.D. Pa. Dec. 28, 2018), report and recommendation adopted, 2019 WL 480484 (M.D. Pa. Feb. 7, 2019) citing Bresnahan v. Schenker, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007) and Keel-Johnson v. Amsbaugh, 2009 WL 648970, at *3 & n.2 (M.D. Pa. Mar. 10, 2009).

Plaintiffs have failed to follow the procedures mandated by Rule 1042.3 and for that reason their negligence claims will be dismissed.

An appropriate Order follows.